**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

**BRODERICK HAMMONDS** **PLAINTIFF**
**ADC # 187446**

**v.** **CASE NO. 3:26-CV-00179-BSM**

**K. WHATLEY, *et al.*** **DEFENDANTS**

**ORDER**

Broderick Hammond's motions to proceed *in forma pauperis* [Doc. No. 1 & 3] are granted and his complaint [Doc. No. 2] is stayed.

Hammonds must pay the $350 filing fee, and a partial filing fee of $10.33 is assessed. After payment of the initial partial filing fee, Hammonds's custodian or any future custodian shall withdraw monthly payments in the amount of twenty percent of the preceding month's income credited to his account each time the account exceeds $10 until the statutory fee has been paid in full. 28 U.S.C. § 1915(b)(2). The clerk is directed to send a copy of this order to the Warden of the Grimes Unit of the Arkansas Division of Corrections, 300 Corrections Dr., Newport, Arkansas 72112; the ADC Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, Arkansas 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, Arkansas 71612. Payments are to be forwarded to the clerk of the court with Hammond's name and case number clearly identified.

Hammonds is suing Pulaski County Circuit Judge K. Whatley, Pulaski County Deputy Prosecuting Attorney Madison Woods, Grimes Unit Warden Christopher Budnik, and ADC Director Dexter Payne, alleging he has been wrongly imprisoned. Doc. No. 2 at 4. He seeks

damages. *Id*. at 5.

Judge Whatley and Woods are immune for actions taken within their roles as judge and prosecuting attorney. *See Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994); *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020); *Sample v. City of Woodbury*, 836 F.3d 913, 916 (8th Cir. 2016). Hammonds's claims against them are dismissed and the clerk is directed to update the case style.

Hammonds's claims against Budnik and Payne will be stayed. A records search reveals that the state prosecuting attorney *nolle prossed* two petitions to revoke Hammonds's probation on February 11, 2025. *See State v. Hammonds*, 60CR-21-441 (Sentencing Order, Feb. 13, 2025). Despite this, two days later, Hammonds was brought into the courtroom, pleaded guilty to the dismissed petitions, and was sentenced to 36-months' imprisonment. *See id.*; *State v. Hammonds*, 60CR-22-307 (Sentencing Order, Feb. 13, 2025). Hammonds is correctly challenging the legality of his sentence in a state habeas corpus action. *See Hammonds v. ADC, et al.*, No. 34CV-25-196 (Jackson County). These proceedings are stayed because the outcome that his state habeas proceeding will directly inform whether his claims against Budnik and Payne may proceed.

The clerk is directed to stay this case because Hammonds may not proceed with this federal claim while his state habeas case is pending. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Yamaha Motor Corporation, U.S.A. v. Stroud*, 179 F.3d 598, 603-04 (8th Cir. 1999). Hammonds can move to reopen this case after final disposition of his state habeas case, including appeals. Any motion to reopen must be filed within sixty days of that final

disposition. If Hammonds does not file a timely motion to reopen or a status report by August 5, 2027, then this case may be dismissed without prejudice.

IT IS SO ORDERED this 7th day of August, 2026.

UNITED STATES DISTRICT JUDGE